United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PAULINA DABROWSKA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-09093 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, Respondent. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Paulina Dabrowska proceeds here *pro se*. She filed a petition for writ of *habeas corpus* under 28 USC §2241 on October 14, 2026. Dkt 1. She asserts lawful presence in the United States and contends that her current detention is unlawful in some unspecified way. Id at 7–8.

She alleges that she (i) became a lawful permanent resident in 1997, (ii) was charged with a felony offense, but not an aggravated felony, on an unspecified date, (iii) was placed on deferred adjudication for that offense and so doesn't stand convicted, (iv) has no other pending criminal charges, (v) was detained by immigration officials on August 21, 2026, and (vi) was ordered removed on an unidentified date. Id at 3, 5, 7–8.

Attached to her petition is an order whereby the immigration court found her inadmissible under 8 USC §1182(a)(2)(A)(i)(II) based on a November 2025 guilty plea to a controlled substance violation, for which she received three years' deferred adjudication. Dkt 1-1 at 2–3. Per that order, the deadline to take to appeal was August 10, 2026. Id at 4. Petitioner maintains that a notice of appeal was timely mailed, but it was never docketed. Dkt 1 at 6. She

asserts that she intends to move to reopen her appeal to fight her removal. Id at 4, 8.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

Petitioner's removal order became final on August 10, 2026, when the time to petition the BIA for review of the removal order expired. 8 USC §1101(a)(47)(B). She thus appears to be currently detained under 8 USC §1231(a)(6). The Supreme Court interprets §1231(a)(6) to limit post-removal-order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v Davis*, 533 US 678, 689 (2001). It further holds that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid. See also *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex).

Petitioner by her own account has been detained since August 21, 2026. Dkt 1 at 5. Detention of approximately two months is without question presumptively reasonable under *Zadvydas*, and "any challenge to [her] continued post-removal order detention is premature." See *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011).

While this would appear to dispose of the claims in the petition, Petitioner's assertion that she filed a timely

appeal could raise a question of whether the removal order is actually final. If it's not, the petition and its attachments show that her detention would instead proceed under 8 USC §1226(c).

Petitioner was found to be inadmissible under §1182(a)(2)(A)(i)(II), which declares inadmissible any alien who is "convicted of, or who admits to having committed" a violation of any controlled substance law. Dkt 1-1 at 3–4. In turn, §1226(c)(1)(A) requires the detention of persons found inadmissible under §1182(a)(2). Release from detention is permitted only if the Attorney General determines, in the exercise of discretion, that release is necessary for witness protection, and that the person doesn't pose a danger to the community and isn't a flight risk. See 8 USC §1226(c)(4).

The Supreme Court holds that persons detained under §1226(c) "are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Jennings v Rodriguez*, 583 US 281, 303 (2018). The statute also "makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" Ibid, quoting 8 USC §1226(a) (emphasis in original). The argument that due process requires an opportunity for release before that time was expressly rejected:

> In *Demore v Kim,* 538 US [510] at 529 [2003], we distinguished §1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under §1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite termination point"—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under §1226(c).

*Jennings*, 583 US at 304.

Petitioner disputes the finding of the immigration judge that she is inadmissible, asserting that the lack of a conviction precludes such a conclusion. But that is a matter for appeal. And to the extent that an appeal is currently pending, Petitioner is being detained under §1226(c) at the discretion of the Attorney General. No jurisdiction exists to review that decision. 8 USC §1226(e).

As such, it appears from the face of the petition that Petitioner is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

The petition for writ of *habeas corpus* by Petitioner Paulina Dabrowska is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

The motion by Petitioner to proceed *in forma pauperis* is DENIED AS MOOT because she paid the filing fee. Dkt 2.

Any other pending motions are DENIED AS MOOT.

This is a FINAL JUDGMENT.

It is ordered that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on October 28, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge